## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HUDSON HENLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **C.A. NO. _____** |
| | § | |
| **LOVE INSURANCE GROUP, LLC, AND** | § | |
| **AMERICAN BANKERS INSURANCE** | § | |
| **COMPANY OF FLORIDA,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, American Bankers Insurance Company of Florida[1] ("American Bankers"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended,[2] appearing herein in its "fiduciary"[3] capacity as the "fiscal agent of the United States,"[4] and files this Notice of Removal, removing the instant lawsuit from the docket of the 14th Judicial District Court for Dallas County, State of Texas, to the docket of this Court. In support of the instant Notice of Removal, American Bankers respectfully represents as follows:

---

[1] Erroneously identified in the underlying Plaintiff's Original Petition as American Bankers Insurance of Florida.

[2] 42 U.S.C. § 4001 *et seq.*

[3] 44 C.F.R. § 62.23(f).

[4] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

I.

On or about August 18, 2015, Plaintiff, Hudson Henley, filed a lawsuit styled *"Hudson Henley v. Love Insurance Group, LLC and American Bankers Insurance of Florida,"* bearing Case No. DC-15-09410 in the 14th Judicial District Court for Dallas County, State of Texas. A copy of the Plaintiff's Original Petition filed in State Court is attached hereto, which is a true and correct copy of all pleadings and documents in accordance with 28 U.S.C. § 1446(a).

II.

For the reasons that follow, American Bankers hereby removes this case from state court to this federal court pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(2), Art. IX and 28 U.S.C. §§ 1331 and 1337.

## A.   REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION

1.      At paragraph 9, Plaintiff alleges that American Bankers sells flood insurance policies in Texas.

2.      At paragraphs 11 and 12, Plaintiff alleges that he purchased an apartment complex and that as a condition of the loan to purchase the apartment complex, the bank required Plaintiff to purchase flood insurance.

3.      At paragraphs 13 and 14, Plaintiff alleges he engaged his agent, Love Insurance Group, LLC, to obtain flood insurance for his apartment complex and that Love Insurance Group, LLC forwarded to him a flood policy written by American Bankers that provided "FEMA flood coverage."

4.      At paragraph 15, Plaintiff alleges that he relied upon Love Insurance Group, LLC and American Bankers that his apartment complex buildings were covered by the FEMA flood policy.

NOTICE OF REMOVAL                                                                                    **Page 2**

5.      At paragraph 17, Plaintiff alleges that his flood declaration page and the flood policy itself indicated coverage for his apartment complex and that American Bankers denied coverage based on FEMA's rule of covering only one building.

6.      At paragraph 20, Plaintiff alleges that he has met all conditions precedent of the contract with American Bankers.

7.      At paragraph 23, Plaintiff alleges that American Bankers breached the contract between Plaintiff and American Bankers seeking repair damages, loss of use, and lost profits.

8.      At paragraphs 29-31, Plaintiff alleges that American Bankers was negligent in its alleged representation that FEMA's flood policy covered the entire apartment complex, and that Plaintiff relied upon this representation.

9.      At paragraphs 40 and the Prayer for relief, Plaintiff seeks attorney's fees, court costs, pre-judgment and post-judgment interest and such other relief, whether at law or in equity, to which Plaintiff may be entitled.

## B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

10.     Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

11.     Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under § 4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"),

itself, which is found at 44 C.F.R. Pt. 61, App. A.

12.     Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like American Bankers to aid it in its statutory duty to administer the National Flood Insurance Program.  *See also*, 42 U.S.C. § 4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

13.     American Bankers, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(2), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.   These forms of the flood policy are incorporated into the Code of Federal Regulations at 44 C.F.R. § 61.13(a).

14.     American Bankers cannot waive or alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(2), Art. VII(D)(Oct. 1, 2014 edition).

15.     American Banker's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.   It is clear that American Bankers, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. 44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1), respectively.

16.     Since 1983, the Write-Your-Own Program companies have issued Standard Flood

Insurance Policies in their names[6] collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies.[7]  Premiums collected from policy holders by the Write-Your-Own Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury.[8]  "Premiums are federal funds from the moment they are collected," with interest earned thereon belonging to the United States (Write Your Own companies must remit to the Treasury "all funds, including interest, not required to meet current expenditures).[9]   In the absence of sufficient funds in the segregated accounts, Write-Your-Own Program companies pay claims and make refunds by drawing on FEMA letters of credit from the U.S. Treasury.[10]

17.     Effective October 1, 2004, there was a revised Arrangement between FEMA and all WYO Program carriers, including American Bankers.  In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration, *e.g.*, rating and issuance, are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

18.     Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance

---

[6] *See* 44 C.F.R. §§ 61.13(f), 62.23(a).

[7] 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E).

[8] 42 U.S.C. § 4017(d).

[9] 44 C.F.R. Pt. 62, App. A, Art VII(B).

[10] *See* 44 C.F.R. Pt. 62, App. A. Art. IV; *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d, 393-94 (9th Cir. 2000), *cert. denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

19.     Further, in Article II(A)(1) of the Arrangement, the processes of "policy administration" are made the very first duty of the WYO Program carrier. This includes eligibility determinations, rating determinations, policy issuance, policy endorsements, etc. *See also*, Art. II(D), which concerns "policy issuance."

20.     The *Arrangement* further states:

G. Compliance with Agency Standard and Guidelines.

1. The Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company.

2. The Company shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA.

44 C.F.R. Pt. 62, App. A, Art. II(G).

21.     Article III(D) of the *Arrangement* states:

2. Loss payments include payments as the result of litigation that arises under the scope of this Arrangement, and the Authorities set forth herein. ...

44 C.F.R. Pt. 62, App. A. The "scope of this Arrangement," includes the marketing, sales, issuance and renewal of SFIPs issued by the WYO carriers. Thus, any resulting judgment shall be made with federal funds. *See* attached Declaration of James S.P. Shortley which explains that FEMA pays the judgments, if any and attorney's fees for claims that proceed to litigation

against the WYO company.

22.     The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own carriers participating in the National Flood Insurance Program are all governed by federal law, not state law.  See *West v. Harris,* 573 F.2d 873 (5th Cir. 1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424 (1979), wherein the stated the following:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

23.     Based upon the forgoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

## C.     FEDERAL JURISDICTION

### (1)  42 U.S.C. §4072 - Original Exclusive Jurisdiction

24.     42 U.S.C. § 4072, conveys "original exclusive" jurisdiction over claims involving administration of the SFIP.  This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

25.     There is no concurrent jurisdiction with state court. *Siebels Bruce Inc. v. Deville Condo Ass'n,* 786 So.2d 616, 620 (Fla. Dist. App. 1st Cir. 2001); *McCormick v. Travelers Ins. Co.,* 103 Cal. Rptr. 2d (Cal. App. 1st Cir. 2001).

26.     Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the

district in which the covered property was located at the time of the loss." Certainly American

Bankers is not suggesting that jurisdiction can be created by contract, but instead it is pointing

out that Plaintiff, who is himself an attorney, was fully aware of the requirement of filing in

federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with

the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85

(1947).

     **(2).**    **28 U.S.C. §1331 - Federal Question Jurisdiction**

27.     Article I.  Agreement provides that the WYO Program carrier has the right to

review the information provided by the insured at any time and revise the SFIP based on its

review. 44 C.F.R. Pt. 61, App. A(2), Art. I.

28.     Plaintiff's Original Petition puts at issue the denial by American Bankers of his

claim under the SFIP under his breach of contract claim.  *See* Petition, ¶¶20 and 23.  The

Original Petition also puts at issue alleged acts against American Bankers in how it underwrote

the SFIP and applied FEMA's rule of one building per policy. *See* Petition, ¶¶17 and 30.

29.     The SFIP that was issued to the Plaintiff is itself a codified federal law found at

44 C.F.R. Pt.61, App.A(2).  In order for the Court to determine if any funds are owed to the

Plaintiff, whether something is covered under the SFIP, necessarily presents a federal question.

30.     FEMA's regulations establish the terms of the SFIP, rate structures, and premium

costs. 42 U.S.C. § 4013. Thus, Plaintiffs are charged with knowledge of FEMA's regulations

and NFIP statutes. See *Merrill, supra* and *Heckler v. Cmty. Health Serv. of Crawford County,*

*Inc.,* 467 U.S. 51 (1984).

31.     In addition, in order to determine whether the SFIP at issue covers the apartment complex buildings, the court would have to interpret the federal regulations found at 44 C.F.R. Pt. 61, App. A(2), Art. II(B)(19) as well as FEMA's Manual.

32.     In order to resolve the Plaintiffs' claims, and in order to determine what the applicable duties or standards of care were, or who owed what duty to whom, the court will have to look at the controlling federal laws, rules and regulations, including those definitions cited to above in the policy.  Necessarily, resolving those questions presents a substantial question of federal law, or at the very least, the resolution of Plaintiff's claims would turn on the application and interpretation of federal law and the terms of the policy.

33.     Removal is proper if "the complaint has been 'artfully pled' in order to avoid reference to any federal law." *Southpointe Villas Homeowners Assoc., Inc. v. Scottish Ins. Agency*, 213 F.Supp.2d 586, 590 (D.S.C. 2002). The district court may assume jurisdiction if a federal statute completely preempts the state-law cause of action, or if the state-law claim implicates a substantial question of federal law. *Id.*

34.     Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a), (b) and (c), American Bankers asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

**(3).     Federal Jurisdiction Under 28 U.S.C. §1337**

35.     Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like § 1442, § 1337 is not subject to the well-pleaded-complaint rule. Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any

reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp. 704, 706 (S.D. Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp. 964, 973-74 (D.P.R. 1970).

36.     Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co.*, 386 F.3d 263 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that Aspecifically relates to the business of insurance. 15 U.S.C. § 1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that [t]he word 'relates' is highly general. *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*Id.* at FN 3.

37.     Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See, e.g.*, 42 U.S.C. §§ 4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Original Petition, and so removal of that Petition is proper pursuant to 28 U.S.C. § 1337.

**D.     JOINDER OF CLAIMS AND CONSENT TO REMOVAL**

38.     Plaintiff's assertions as to American Bankers, in its capacity as a WYO Program

carrier, will require the Court to interpret federal constitutional, regulatory and statutory law. Therefore, Plaintiff's request can only be addressed by a federal court. More particularly:

a. The SFIP issued by American Bankers is governed by federal law and the monies sought are U.S. Treasury funds;

b. The claims against the other Defendant are based upon both the interpretation of both federal law and state law and involve private funds;

c. Plaintiff's claims as to how American Bankers administered the SFIP, its application of FEMA's regulation of one policy per building, and whether it properly denied Plaintiffs' claim are independent of Plaintiff's other claims; as such, Plaintiff's claims can only be removed by the WYO Program carrier American Bankers.

39.     Removal of such claims is permitted pursuant to 28 U.S.C. §1441(c).  For the reasons discussed herein, Plaintiff's claims as to American Banker's actions in denying their claim and issuing/rating the flood policy under an SFIP raise federal questions that are separate and independent from the claims made against any other Defendant.  As such, these claims are properly joined for removal.

40.     Even though, the claims against co-Defendant, Love Insurance Group, do not fall under 28 U.S.C. § 1441(c)(2), in an abundance of caution, Co-Defendant, Love Insurance Group, consents to removal as evidenced by the attached Consent to Removal, in compliance with 28 U.S.C. § 1446(b)(2).

## E.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

41.     To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that Athe district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the

same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

*See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

42.     All of the claims put at issue in the Plaintiff's Original Petition arise from the issuance and administration of Plaintiff's existing SFIP and the denial of his claim under his SFIP.  As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying SFIP, and all of the insurance issues arising therefrom.  Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type.  *See, e.g., Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

**F.     ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

43.     This removal, which was filed on September 22, 2015, is timely filed as service upon American Bankers was made on September 22, 2015.  This Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. § 1446(b), and it is therefore timely.  The thirty day period to remove does not commence running until the Defendant is <u>actually</u> served, hence this removal is timely.  Pursuant to 28 U.S.C. § 1446(a), attached hereto (and listed below in full) is a copy of all processes, pleadings, and orders in the state court record to date.  A Notice of Removal is being contemporaneously filed with this Removal into the record of the 14th Judicial District Court for Dallas County, Texas, from which this matter is being removed.

44.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b); 42 U.S.C. § 4072; and Article VII(R) of the SFIP itself which states that "you must file suit in the United States District Court of the district in which the insured property was located at the time of loss."  See 44 C.F.R. Pt.61, App. A(2), Article VII(R).  The insured property at issue is located in Dallas County, Texas, making the Northern District of Texas the correct venue in this matter.

## EXHIBITS TO NOTICE OF REMOVAL

45.    The following documents are attached to this Notice of Removal as correspondingly lettered exhibits:

A.  An Index of Matters Being Filed;

B.  A copy of the Case Summary from the 14th Judicial District Court of Dallas County, Texas dated September 17, 2015;

C.  A copy of the Civil Case Information Sheet filed August 18, 2015;

D.  A copy of the Correspondence dated August 18, 2015 from Plaintiff requesting citations be issued;

E.  A copy of Defendant Love Insurance Group, LLC's Original Answer filed September 10, 2015;

F.  A copy of the Officer's Return of the Citation served on American Bankers filed September 8, 2015;

G.  A copy of the Citation issued for Love Insurance Group, LLC issued August 24, 2015;

H.  A copy of the Citation issued for American Bankers issued August 24, 2015;

I.  A copy of an incomplete Officer's Return dated August 28, 2015;

J.  A copy of the Citation issued for American Bankers and Plaintiff's Original Petition filed August 18, 2015;

K.  Declaration of James S.P. Shortley dated September 30, 1999; and

L.  Consent to Removal by Love Insurance Group, LLC dated September 18, 2015.

## CONCLUSION

WHEREFORE, Defendant, American Bankers Insurance Company of Florida, prays that this Notice of Removal will be deemed good and sufficient, and that, after all due proceedings are had, this matter will be dismissed with prejudice and at the Plaintiff's cost.

Respectfully submitted,

By: _____
Christopher Littell

-Of the Firm-
EDISON, McDOWELL & HETHERINGTON LLP

Bradley Aiken
Texas State Bar No. 24059361
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  713-337-5580
Facsimile:  713-337-8850

-and-

Christopher Littell
TX Bar No. 24078868
2000 Lamar Boulevard, Suite 780
Arlington, Texas 76006
Phone:  (817) 635-7300
Facsimile:  (817) 635-7308

*ATTORNEYS FOR AMERICAN BANKERS*
*INSURANCE COMPANY OF FLORIDA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September 2015, I have served a copy of the foregoing upon all counsel of record, by certified mail, return receipt requested to:

R. Lane Addision
HENLEY & HENLEY
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219

_____
Christopher Littell