# EXHIBIT J

**FORM NO. 353-3 – CITATION**

# THE STATE OF TEXAS

To: **AMERICAN BANKERS INSURANCE OF FLORIDA**
~~BY SERVING CHIEF FINANCIAL OFFICER~~
200 E. GAINES STREET
TALLAHASSEE, FL. 32399

**CERT/MAIL**

## CITATION

**DC-15-09410-A**

**HUDSON HENLEY**
vs.
**LOVE INSURANCE GROUP, LLC, et al**

ISSUED THIS
**28th day of August, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
ROBERT L. ADDISON
3300 OAK LAWN AVE.
SUITE 700
DALLAS, TEXAS 75219
214-821-0222

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 14th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUDSON HENLEY**

Filed in said Court **18th day of August, 2015** against

**AMERICAN BANKERS INSURANCE OF FLORIDA**

For Suit, said suit being numbered **DC-15-09410-A6**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of August, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
SPRINGE MCKINLEY

DALLAS COUNTY CONSTABLE
FEES NOT PAID

Case 3:15-cv-03078-L-BT   Document 1-10   Filed 09/22/15   Page 3 of 10   PageID 51

FILED
DALLAS COUNTY
8/18/2015 3:16:11 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

NO. DC-15-09410

| | | |
|---|---|---|
| HUDSON HENLEY<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | ____ JUDICIAL DISTRICT |
| LOVE INSURANCE GROUP, LLC<br>AND AMERICAN BANKERS<br>INSURANCE OF FLORIDA<br>Defendants. | § § § § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Hudson Henley ("Plaintiff" or "Henley"), complaining of and about Love Insurance Group, LLC and American Bankers Insurance of Florida, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Hudson Henley, is an Individual whose address is 3300 Oak Lawn Ave., Suite 700, Dallas, Texas 75219.

3. Defendant Love Insurance Group, LLC ("Love LLC"), a Limited Liability Company based in Texas, may be served with process by serving the registered agent of said company, ROSS J. LOVE III, at 5400 E. MOCKINGBIRD LN, SUITE 224, DALLAS, TX 75206, its registered office. Service of said Defendant as described above can be effected by personal delivery.

4. Defendant American Bankers Insurance of Florida ("ABI"), a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business

1

Organizations Code by serving the registered agent of the corporation, CHIEF FINANCIAL OFFICER, at 200 E. GAINES STREET, TALLAHASSEE, FL 32399, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks monetary relief over $200,000.00, but not more than $1,000,000.00.

7. This court has jurisdiction over Defendant American Bankers Insurance of Florida, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over American Bankers Insurance of Florida will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant American Bankers Insurance of Florida to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

9. ABI sells flood insurance policies to Texas residents.

10. Venue in Dallas County is permissive in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTUAL ALLEGATIONS

11. In October 2014, Henley entered into a contract to purchase an apartment complex, commonly known as the Sonoma Apartments, located at 704-718 N. Plymouth Rd., Dallas, TX

75211 ("Sonoma"). Sonoma has approximately 60 individual apartment units located in eight (8) separate apartment buildings, and one (1) mechanical building.

12. As a condition of the commercial loan Henley obtained to finance the purchase, Henley's bank, Happy State Bank, required him to purchase flood insurance for all 9 buildings of Sonoma.

13. Henley then engaged Love Insurance Group, LLC to obtain both a flood insurance policy and a general insurance policy, establishing an implied contract ("the implied Contract"). Love LLC is in the business of selling insurance and, as such, should have expert level knowledge on how to procure insurance coverage.

14. On March 18, 2015, Love LLC represented and forwarded to Plaintiff an insurance policy purportedly underwritten by ABI providing "FEMA flood coverage" for all the buildings in Sonoma. These representations were false.

15. In reliance on the promise of Defendants, Love Insurance Group, LLC and American Bankers Insurance of Florida, that Sonoma was covered by the FEMA flood policy, Plaintiff was able to close on the purchase of the same. The action taken by the Plaintiff was reasonable and foreseeable in light of the promises made by Defendants.

16. On or about May 28, 2015, after days of torrential rains, the creek running behind Sonoma rose to a level sufficient to flood and damage all nine Sonoma buildings. Henley made a claim on the flood insurance policy, and learned for the first time that the FEMA managed flood insurance he purchased was written as a single policy and, as such, could only apply to a single building.

17. Thus, even though the insurance declaration page, and the policy itself, purported to cover the addresses 704-718 N. Plymouth Rd., Dallas, TX 75211, ABI denied Plaintiff's claim's

for coverage in excess of one building based on the FEMA rule of covering only one building.

18. Presumably Plaintiff would have had to obtain an individual FEMA flood insurance for each of the buildings in Sonoma, a material fact that was never disclosed to the Plaintiff.

## BREACH OF CONTRACT

19. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

20. All conditions precedent to the performance of Love Insurance Group, LLC and American Bankers Insurance of Florida under the Contract have been met.

21. The contractual obligations of Hudson Henley have been fully performed.

22. Defendants have failed to perform their contractual obligations, specifically, ensure that Plaintiff's property was properly covered by a flood insurance policy or denied Plaintiff coverage of all buildings in Sonoma.

23. Defendants' breach of contract described hereinabove has injured Plaintiff, causing lost profits, loss of use, and actual repair damages.

## NEGLIGENT MISREPRESENTATION

24. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

25. Plaintiff would show that Defendants Love LLC made a false representation in the course of a transaction in which said Defendants had a pecuniary interest, and that the representation was made by Defendants to guide the Plaintiff in the conduct of Plaintiff's business.

26. Said Defendants failed to exercise reasonable care or competence in obtaining or communicating such information represented.

27. Plaintiff justifiably relied on the misrepresentation of the Defendant, resulting in pecuniary loss, including damages.

28. Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendant, Love Insurance Group, LLC, as provided by *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439 (Tex. 1991).

29. Plaintiff would show that Defendant ABI made a false representation in the course of a transaction in which ABI had a pecuniary interest, and that the representation was made by Defendant to guide the Plaintiff in the conduct of Plaintiff's business. Specifically, ABI wrote a policy that "covered" the entire Sonoma apartment complex when, in fact, the policy only covered one of the buildings in Sonoma.

30. Defendant ABI failed to exercise reasonable care or competence in underwriting the flood policy as written and representing to Plaintiff that ABI had insured all the buildings included in 704-718 N. Plymouth Rd., Dallas, TX 75211.

31. Plaintiff justifiably relied on the misrepresentation of ABI, resulting in pecuniary loss, including damages.

32. Plaintiff therefore asserts a cause of action for negligent misrepresentation against ABI, as provided by *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439 (Tex. 1991).

## PROMISSORY ESTOPPEL

33. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

34. In the alternative, Plaintiff seeks to recover for the costs incurred by Plaintiff in detrimental reliance on the promise of the Defendants, Love Insurance Group, LLC and American

Bankers Insurance of Florida.

## BREACH OF FIDUCIARY OBLIGATIONS

35. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

36. Defendants Love LLC owed Plaintiff a duty to protect Plaintiff's interest as his insurance agents.

37. Defendants Love LLC breached the duty they owed Plaintiff by failing to properly apply for and secure FEMA flood insurance for Sonoma.

38. Said breach has damaged Plaintiff, because Plaintiff is now the owner of multiple commercial buildings that suffered damage that Plaintiff must pay out-of-pocket.

## DAMAGES

39. Plaintiff has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendants described hereinabove, including, but not limited to, actual or economic damages for at least $500,000.00.

## ATTORNEY'S FEES

40. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## ALTERNATIVE ALLEGATIONS

41. Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Hudson Henley, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

HENLEY & HENLEY, P.C.

By: /s/ R. Lane Addison
    R. Lane Addison
    Texas Bar No. 24059355
    Email: rladdison@henleylawpc.com
    3300 Oak Lawn Avenue, Suite 700
    Dallas, Texas 75219
    Tel. (214) 821-0222
    Fax. (214) 821-0124
    Attorney for Plaintiff
    Hudson Henley

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ___ day of September, A.D., 2015.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy