IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HUDSON HENLEY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:15-CV-3078-L** |
| **LOVE INSURANCE GROUP, LLC AND** | § | |
| **AMERICAN BANKERS INSURANCE** | § | |
| **OF FLORIDA,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is the Motion for Order on Joint Stipulation of Partial Dismissal With Prejudice (Doc. 14), filed July 6, 2016; Defendant Love Insurance Group, LLC's Motion for Leave to File Cross-Claim Against American Bankers Insurance Company of Florida (Doc. 18), filed July 26, 2016; Defendant Love Insurance Group, LLC's Motion for Leave to File Third Party Claim Against Affinity Insurance Services, Inc. d/b/a National Flood Services, Inc. (Doc. 26), filed July 29, 2016; and Defendant Love Insurance Group, LLC's Motion for Leave to File Amended Answer (Doc. 29), filed August 5, 2016. For the reasons herein explained, the court **grants** the Joint Stipulation of Partial Dismissal With Prejudice (Doc. 14); and **denies** Defendant Love Insurance Group, LLC's three motions for leave (Docs. 18, 26, 29).

## I.   Factual and Procedural Background

Plaintiff Hudson Henley ("Plaintiff" or "Henley") originally filed this action in state court on August 18, 2015, asserting claims against Defendants Love Insurance Group, LLC ("Love Insurance") and American Bankers Insurance Company of Florida ("American Bankers") for breach

of contract, negligent misrepresentation, promissory estoppel, and breach of fiduciary duty in connection with his purchase of "FEMA flood insurance" for the Sonoma Apartment complex ("Sonoma") that was purchased by Plaintiff in October 2014. Pl.'s Orig. Pet. 3, 6. Plaintiff alleges that he was required to obtain flood insurance as a condition of the commercial loan he obtained to purchase Sonoma. Plaintiff alleges that he obtained a flood insurance and general insurance policy for all nine of the Sonoma apartment buildings from Love Insurance on March 18, 2015, and that the insurance policy was underwritten by American Bankers. Plaintiff alleges that in May 2015, after Sonoma suffered from flood damage, Henley filed a claim and learned for the first time that the Federal Emergency Management Agency ("FEMA") flood insurance he purchased only covered one of the nine Sonoma apartment buildings, even though his policy purported to cover all of the Sonoma apartment buildings. Henley alleges that the insurance claim was denied by American Bankers "based on the FEMA rule of covering only one building." *Id.* at 4. Henley seeks actual damages totaling at least $500,000, attorney's fees, prejudgment and postjudgment interest, and costs of court.

On September 10, 2015, Love Insurance filed its Original Answer in which it generally denied all of the allegations in Plaintiff's Original Petition. On September 22, 2015, American Bankers removed the case to federal court based on federal question jurisdiction. American Bankers alleges in its Notice of Removal that it is a Write-Your-Own Program carrier participating in the United States Government's National Flood Insurance Program pursuant to the National Flood Insurance Act. After removing the case, American Bankers filed its Answer and Affirmative Defenses to Plaintiff's Original Petition.

On December 1, 2015, after the parties filed their Joint Status Report, the court entered a scheduling order that includes the following deadlines: amendment of pleadings and joinder of

parties due by February 29, 2016; discovery due by September 2, 2016; dispositive motions due by September 16, 2016; Plaintiff's expert designations due by June 6 2016; and Defendant's expert designations due by July 5, 2016.

On May 18, 2016, Plaintiff filed his designation of experts. On July 5, 2016, Love Insurance requested an extension from July 5, 2016, to July 12, 2016, to file its expert designations, which was granted by the court. To date, the docket does not reflect that any expert designations were filed by Love Insurance.

On July 7, 2016, Plaintiff and American Bankers filed their Joint Stipulation of Partial Dismissal With Prejudice ("Joint Stipulation") to dismiss with prejudice all claims asserted by Plaintiff against American Bankers and requested that the court enter an order approving the Joint Stipulation. On the same date, Plaintiff moved for summary judgment on his breach of contract claim against Love Insurance. Plaintiff's summary judgment motion became ripe on August 2, 2016.

On July 7, 2016, Love Insurance objected to Plaintiff's and American Banker's settlement and Joint Stipulation on the grounds that it had intended to file a cross-claim against American Banker. On July 26 and 29, 2016, Love Insurance moved for leave to file a cross-claim against American Bankers and a third party claim against Affinity Insurance Services, Inc. d/b/a National Flood Services, Inc. ("NFS"). On August 5, 2016, Love Insurance moved for leave to file an amended answer to Plaintiff's Original Complaint to assert affirmative defenses that it contends it was not aware of before now. On September 16, 2016, Love Insurance filed a *Daubert* motion to exclude Plaintiff's expert James Amos. The case is currently set for trial in February 2017, with pretrial materials due January 9, 2017.

**II.     Joint Stipulation of Partial Dismissal With Prejudice (Doc. 14)**

As noted, Plaintiff and Defendant American Bankers filed their Joint Stipulation on July 6, 2016, to dismiss with prejudice all claims asserted by Plaintiff against American Bankers and requested that the court enter an order approving the Joint Stipulation. The Joint Stipulation was filed after the settlement reached by Plaintiff and American Bankers during a June 17, 2016 mediation was approved by FEMA. On July 7, 2016, Love Insurance filed an objection in opposition to the Joint Stipulation. The only explanation offered by Love Insurance for its objection to the Joint Stipulation is that it was contemplating filing a motion for leave to assert a cross-claim against American Bankers.

In response to the objection, American Bankers contends, based on Fifth Circuit authority, that Love Insurance is not a party to the settlement and lacks standing to object to it. Because there are no claims between it and Love Insurance, American Bankers further asserts that the settlement does not affect any claims by Love Insurance or its existing legal obligations and duties. American Bankers, therefore, contends that Love Insurance, as a nonsettling Defendant, cannot show and has not shown that it is legally prejudiced by the settlement. American Bankers contends that it was only after Love Insurance learned of the settlement that it started "scrambling" to keep American Bankers in the lawsuit in attempt to defray its own admitted liability for the failures of its agent John Sheetz. American Bankers asserts that, during an April 2016 deposition, Love Insurance's representative admitted that its "agent, John Sheetz, who attempted to obtain insurance for the Plaintiff, failed to follow FEMA's guidelines in submitting one application for each building, failed to obtain excess flood, and . . . did not know how to write flood insurance policies." American Banker's Resp. 2. American Bankers maintains that, as a result of Love Insurance's admissions, it proposed the

mediation that ultimately took place in June 2016 because it believed that "a mediation may be beneficial to ending the litigation and the expense of same." *Id.*

By order dated July 7, 2016 (Doc. 16), the court referred the Motion for Order on Joint Stipulation of Partial Dismissal With Prejudice to United States Magistrate Judge Paul D. Stickney ("Judge Stickney"). On October 3, 2016, Judge Paul Stickney entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant the Motion for Order on Joint Stipulation of Partial Dismissal With Prejudice and dismiss with prejudice all remaining claims that have or could have been brought in this suit by Plaintiff against American Bankers. Notwithstanding Love Insurance's objection to the Joint Stipulation, the magistrate judge determined that dismissal was appropriate under Federal Rule of Civil Procedure 41(a)(2), and that Love Insurance would not suffer any legal prejudice as a result of the dismissal of American Bankers from this lawsuit. No objections to the Report were filed as of the date of this order.

Based on the record in this case, the court agrees with the magistrate judge's reasoning and recommendation. Love Insurance has not set forth a valid basis for objecting to or setting aside the settlement entered into between Plaintiff and American Bankers. Moreover, as discussed below, the deadlines for amendment of pleadings and joinder of parties expired February 29, 2016, and Love Insurance has not established good cause for its untimely requests to amend its pleadings and join new party. Having reviewed the motion, briefs, file, record in this case, and Report, the court determines that the findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Love Insurance's objection to the settlement and Joint Stipulation filed by Plaintiff and American Bankers, **grants** the Motion for Order on Joint Stipulation of Partial

Dismissal With Prejudice (Doc. 14), and **dismisses with prejudice** all remaining claims that have or could have been brought in this suit by Plaintiff against American Bankers.

### III. Motions For Leave (Docs. 18, 26, 29)

In its motions for leave, Love Insurance seeks to: (1) file a cross-claim against American Bankers; (2) join NFS as a party and file a third party claim against NFS; and (3) file an amended answer that includes new affirmative defenses and implicates both American Bankers and NFS. American Bankers filed responses in opposition to all of the motions for leave.

#### A. Applicable Legal Standard

Love Insurance's motions for leave would require modification of the court's scheduling order and revival of the pleading amendment and joinder deadlines that expired on February 29, 2016, approximately five months before Love Insurance filed its motions. Because these deadlines have expired, Love Insurance must first show "good cause" for its failure to meet the scheduling order deadline under Rule 16(b) before the court can modify a scheduling order and permit the requested late filing. *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing

the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

### B. Analysis

After weighing the foregoing factors, the court determines that Love Insurance has not established good cause for its request to revive the pleading amendment and joinder deadlines set forth in the court's scheduling order. Regarding the first factor, Love Insurance contends that this case turned out to be much more complex than originally anticipated when the scheduling order was entered, and the deadlines in the scheduling order were unrealistic. Love Insurance contends that it was not aware that it had potential claims against American Bankers and NFS until after discovery commenced. Love Insurance asserts that it attempted to depose several of American Bankers' employees before filing its motions for leave, requested deposition dates in March 2016, and followed up in April 2016 to confirm deposition dates for American Bankers' corporate representatives, but the parties decided to postpone the depositions to attend mediation. Love Insurance maintains that, "to ensure the accuracy and good-faith nature of the claims," it was going to complete certain depositions before seeking leave to amend its answer to assert a claim against American Bankers and join NFS as a party. Love Ins.'s Mots. 2 (Doc. 18, 26).

American Bankers was not required to but filed responses in opposition to Plaintiffs' motions for leave and submitted evidence that dispels Love Insurance's contentions regarding the reasons depositions were delayed. Regardless, Love Insurance acknowledges that it made no effort to conduct depositions prior to March 2016, even though it knew that the pleading amendment and joinder deadlines expired February 29, 2016. Love Insurance does not explain why it could not have been more diligent in conducting discovery and seeking leave to amend its pleadings and join a third

party before the February 29, 2016 pleading amendment and joinder deadlines, or as soon as it realized that the case was more complex than anticipated. To make matters worse, it waited an additional three weeks *after* Plaintiff and American Bankers filed their Joint Stipulation to dismiss American Bankers from this action before filing the first of its three motions for leave. The timing of the motions for leave indicates that it was the Joint Stipulation, not the need for depositions, that actually prompted Love Insurance to seek leave in a last ditch effort to keep American Bankers in this case and join NFS as a party. In sum, Love Insurance's explanation for not seeking leave sooner does not establish why it could not have reasonably met the dispositive pleading amendment and joinder deadlines despite the exercise of diligence in conducting discovery and filing its motions.

The second, third, and fourth factors also weigh against allowing the late pleading amendment and joinder to assert claims against American Bankers and NFS. For the reasons explained by the magistrate judge, Love Insurance will not be legally prejudiced if American Bankers is dismissed from this action because it will not lose any defense that it has to Plaintiff's claims, whereas American Bankers will likely be prejudiced if required to remain in the lawsuit and defend against Love Insurance's untimely new claim(s). Additionally, allowing Love Insurance's untimely request to amend its pleading and join a new party would require revival of virtually *all* of the case deadlines out of fairness to NFS. Such extensions would unnecessarily delay the trial and resolution of the litigation, as well as interfere with the court's ability to effectively manage its busy civil and criminal docket. Accordingly, the court determines that Love Insurance has not established good cause for its untimely request to amend its pleading and join a new party at this late stage of the litigation and **denies** Defendant Love Insurance Group, LLC's three motions for leave (Docs. 18, 26, 29).

## IV. Conclusion

For all of the reasons stated, the court determines that the magistrate judge's findings and conclusions (Doc. 37) with respect to the Motion for Order on Joint Stipulation of Partial Dismissal With Prejudice are correct, **accepts** them as those of the court, **overrules** Love Insurance's objection to the Joint Stipulation, and **grants** the Motion for Order on Joint Stipulation of Partial Dismissal With Prejudice (Doc. 14). In accordance with the Joint Stipulation, the court **dismisses with prejudice** all claims by Plaintiff that have or could have been brought in this action against American Banker, and the parties to the Joint Stipulation shall bear their own attorney's fees and court costs. Pursuant to Federal Rule of Civil Procedure 54(b), the court expressly determines that there is no just reason to delay the entry of final judgment in this case as to Defendant American Bankers Insurance Company of Florida and **directs** the clerk of the court to enter a final judgment as to American Bankers Insurance Company of Florida. Further, the court concludes that Love Insurance has failed to establish good cause for failing to meet the deadlines for pleading amendments and joinder of parties set forth in the Scheduling Order and **denies** Defendant Love Insurance Group, LLC's three motions for leave (Docs. 18, 26, 29).

**It is so ordered** this 21st day of October, 2016.

Sam A. Lindsay
United States District Judge